# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

YVETTE C. SQUARE,
     Appellant,

    v.

OFFICE OF PERSONNEL
 MANAGEMENT,
     Agency.

DOCKET NUMBER
SF-0845-16-0253-I-1

DATE: September 12, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Yvette C. Square</u>, Compton, California, pro se.

<u>Kristopher L. Rogers</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 By notice dated April 23, 2014, the Office of Personnel Management (OPM) informed the appellant that, according to its calculations, she had been overpaid $33,798.00 in annuity benefits. Initial Appeal File (IAF), Tab 8 at 25-27. OPM advised the appellant that May 23, 2014, was the deadline for requesting reconsideration of its initial decision. *Id*. The appellant submitted a request for reconsideration on October 17, 2015, and, on December 30, 2015, OPM issued a final decision dismissing her request as untimely filed. *Id*. at 9-10, 12-23.

¶3 The appellant filed a timely appeal with the Board. IAF, Tab 1. Shortly thereafter, OPM moved to dismiss the appeal, stating that it had rescinded its December 30, 2015 decision. IAF, Tab 8. OPM stated that, upon the Board's dismissal of the appeal, it would review the case file and issue a new reconsideration decision, including detailed explanations of its annuity and overpayment calculations. *Id*. at 4. Subsequently, the administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction. IAF, Tab 10, Initial Decision.

¶4      This petition for review followed.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response, arguing in general terms that the appellant's petition does not meet the criteria for review.  PFR File, Tab 4.

## ANALYSIS

¶5      When an appeal has been filed from an OPM reconsideration decision dismissing a request for reconsideration as untimely, the Board retains jurisdiction over the appeal regarding the timeliness determination, and jurisdiction does not attach over the merits of the appeal unless the Board first finds that the timeliness determination was unreasonable.  *Rossini v. Office of Personnel Management*, 101 M.S.P.R. 289, ¶ 7 (2006); *Baldos v. Office of Personnel Management*, 36 M.S.P.R. 606, 608‑09 (1988).  When OPM rescinds a reconsideration decision, the rescission divests the Board of jurisdiction over the appeal in which the reconsideration decision is at issue, and the appeal must be dismissed.  *Martin v. Office of Personnel Management*, 119 M.S.P.R. 188, ¶ 8 (2013).  Although it does not appear that OPM has restored the appellant to the status quo ante by returning the portion of the overpayment it already has collected from her, it has nonetheless rescinded the December 30, 2015 decision insofar as that decision dismissed her request for reconsideration on timeliness grounds.  *Cf. id*., ¶ 10 (finding that OPM did not completely rescind the reconsideration decision which affirmed on the merits its initial decision finding an overpayment, because OPM had not restored the appellant to the status quo ante by returning the portion of the alleged overpayment it already had collected).  The Board therefore lacks jurisdiction over this appeal.

¶6      We note, however, that OPM's rescinding its December 30, 2015 decision does not render moot the existence or amount of the alleged overpayment or the appellant's possible entitlement to a waiver.  We therefore dismiss the appeal without prejudice to the appellant's filing a new appeal concerning any future

reconsideration decision by OPM on the same matter. *See Parker v. Office of Personnel Management*, 74 M.S.P.R. 131, 133 (1997).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.